# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: ) | |
| ) | |
| FENCEPOST PRODUCTIONS, INC., ) | Case No: 19-41545-11 |
| ) | Chapter 11 |
| Debtor. ) | |

| | |
|---|---|
| IN RE: ) | |
| ) | |
| NPB COMPANY, INC., ) | Case No: 19-41542-11 |
| ) | Chapter 11 |
| Debtor. ) | |

**JOINT MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS
(A) AUTHORIZING POST-PETITION FINANCING AND (B) REQUEST FOR
SCHEDULING HEARINGS ON INTERIM AND FINAL APPROVAL**

COME NOW Debtors Fencepost Productions, Inc., and NPB Company, Inc., by and through undersigned counsel, and for their Joint Motion for Entry of Interim and Final Orders (A) Authorizing Post-Petition Financing and (B) Request for Scheduling Hearings on Interim and Final Approval, state as follows:

**I.  SUMMARY OF PROPOSED POST-PETITION FINANCING TERMS**

A.  <u>Parties</u>: Debtors Fencepost Productions, Inc., and NPB Company, Inc. as debtors-in-possession and borrowers, and Alterna Capital Solutions (the "Lender") as post-petition lender.

B.  <u>Maximum Loan Amount</u>: $6,500,000.00.

C.  <u>Finality</u>: Lender shall have the protection of 11 U.S.C. § 364(e).

D.  <u>Effective Interest Rate</u>: 12.5 % per annum,

E.  <u>Security</u>: Pursuant to 11 U.S.C. § 364(c)(2), the indebtedness and obligations of the Debtors to the Lender shall be secured by a lien on

6659585

        property of the estate that is not otherwise subject to a lien and consists of post-petition inventory and accounts receivable.

    F.    <u>Perfection</u>:  The liens granted to Lender hereunder shall be deemed perfected upon entry of the order authorizing the financing without need for further recordation of any instrument or document.

    G.    <u>Permitted Use of Funds</u>:  Funds will be utilized as required by Debtors in the ordinary course of its business and the funding of the Chapter 11 proceedings.

    H.    <u>Maturity</u>:  The indebtedness and obligations of the Debtors to the Lender under the DIP Loan Documents shall be repaid no later than one year following the date of the initial advance of funding by Lender except to the extent that the DIP Loan is renewed.

    I.    <u>Modification of the Automatic Stay</u>.  The automatic stay imposed under section 362(a) of the Code shall be modified to permit Lender to take such actions as it deems appropriate (notwithstanding the automatic perfection described above) to perfect the security interests and liens granted to Lender.

## II. BACKGROUND AND RELIEF REQUESTED

1.    On December 18, 2019 (the "Petition Date"), Debtors filed their voluntary Petitions under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Code").  Debtors retain possession of their property and control of their affairs pursuant to 11 U.S.C. §§ 1107 and 1108.

2. Debtors' business consists of the design and distribution of outdoor apparel for men, women and youth under a variety of brand names. The apparel is sold to major department stores, sporting goods stores, mass merchant retailers and national online retailers. Debtors maintain distribution centers in Missouri and South Carolina.

3. Debtors' principal source of prepetition financing derives from that certain pre-petition Loan and Security Agreement, dated April 10, 2018 (the "Prepetition Credit Agreement") with Associated Bank ("AB") which provided working capital for Debtors' business operations. The revolving credit facility provided by the Prepetition Credit Agreement entailed a commitment of $13,000,000. As of the Petition Date, AB asserted a debt balance of approximately $7,600,000. The Prepetition Indebtedness is essentially secured by a majority of Debtors' inventory and accounts receivable (the "Prepetition Collateral").

4. AB cut off funding to Debtors on the basis of alleged defaults under the Prepetition Credit Agreement and filed suit against Debtors in federal court on December 4, 2019. As such, Debtors lack financing for ongoing business operations. An immediate need therefor exists for Debtors to obtain funding with which to continue its operations, acquire goods and services, and pay other necessary and ordinary business and reorganization expenses.

5. Consequently Debtors and undersigned counsel commenced good faith negotiations with Lender and its counsel to secure post-petition financing. Lender has indicated its willingness to extend credit to Debtors in an amount not to exceed $6,500,000.00 in the aggregate.

6. Debtors seek approval of the post-petition financing by Lender (the "DIP Financing") in accordance with the terms set forth herein and corresponding authorization for Debtors' execution of loan documentation required by Lender, pursuant to sections 364 and 105

of the Code.  In order to secure the DIP Financing and otherwise provide Lender with adequate security, Debtors propose to grant Lender a lien under section 364(c)(2) on postpetition property of the estate, wherever located, whether now owned or hereafter acquired, and all proceeds and products thereof (the "Collateral"); provided, however, that nothing in the DIP Financing shall be deemed to grant the Lender a lien upon causes of action or recoveries under sections 544, 545, 547, 548, 549, 550, or 553 of the Code, nor shall anything in the DIP Financing be deemed to grant the Lender a lien upon the Prepetition Collateral upon which AB may have a valid lien under the Prepetition Credit Agreement.

7. Pursuant to section 364(c)(2) of the Code, a court may authorize a debtor to obtain postpetition credit secured by a lien on unencumbered property when a debtor is unable to obtain credit elsewhere.  Debtors submit that under the circumstances, they are not able to obtain unsecured credit nor can they obtain the credit necessary and promptly for their business operations on lesser terms than those required by Lender.  In the Debtors' business judgment, the financing offered by Lender is the best and, in fact, the only financing currently available on the immediate basis needed for maintenance of Debtor's ongoing operations.

8. The proposed financing satisfies the factors for approval of § 364 post-petition financing within the Tenth Circuit as articulated by a Colorado bankruptcy court. *In re Western Pacific Airlines, Inc.,* 223 B.R. 567 (Bkrtcy. D. Colo. 1997) enunciated the following factors:

   A. The proposed financing is an exercise of sound and reasonable business judgment;

   B. No alternative financing is available on any other basis;

   C. The financing is in the best interests of the estate and its creditors; and

4

D. As a corollary to the foregoing, no better offers, bids, or timely proposals are before the court.

9. In the absence of the funding provided by the DIP Financing Debtors will be unable to pay its operating expenses and otherwise preserve the continuity of its business. In such event, Debtors' business operations would cease, its value would be substantially eroded and the bankruptcy estate would be exposed to irreparable damage and loss. The observations of the Colorado bankruptcy court resonate in this case:

> The potential profitability of the Debtor and its prospects for reorganization if the financing is granted must be measured against the alternative, which is the immediate collapse of the Debtor as a going concern. If the loan is not made, the consequences will be complete and irreversible . . .. The prospects for recovery by the creditors in a liquidation are dim.

*In re: Western Pacific Airlines*, 223 B.R. at 574.

## III. SCHEDULING OF HEARINGS

### A. Hearing on Interim Approval

10. Bankruptcy Rule 4001(c)(2) states as follows:

> The court may commence a final hearing on a motion for authority to obtain credit no earlier than 15 days after service of the motion. If the motion so requests, the court may conduct a hearing before such 15 day period expires, but the court may authorize the obtaining of credit only to the extent necessary to avoid immediate and irreparable harm to the estate pending a final hearing.

11. Debtors are currently fielding numerous inquiries and expressions of concern from suppliers and vendors regarding their capability to remain in business and prosecute their work. Some parties are clearly indicating an unwillingness to continue business relations with Debtors. Debtors require the requested financing on a prompt basis in order to establish adequate funding of their critical expenses and assure vendors of the existence of the liquidity

5

necessary for continuing payment of goods and services. In order to deter the immediate and irreparable harm that would arise from the loss of vital vendors and customers, Debtors request the Court to set a hearing for interim approval of the post-petition financing pursuant to Rule 4001(c)(2). *See Matter of Grand Valley Sport & Marine, Inc.,* 143 B.R. 840, 847 (Bkrtcy. W.D. Mich. 1992) (The Rule "provides for an expedited preliminary hearing for interim postpetition financing pending the final hearing. If an expedited preliminary hearing is requested by motion, the court may approve postpetition financing after appropriate notice and a finding by the court that the extension of credit is necessary 'to avoid immediate and irreparable harm to the estate pending a final hearing.'").

12. To the best of Debtors' knowledge and belief, the Court may have availability to schedule such a hearing on December 26, 2019 at 1:30 P.M. Accordingly, Debtors request the scheduling of a hearing at that date and time or as soon thereafter as the Court may be available.

### B. Hearing on Final Approval

13. Debtors request the Court to schedule a hearing on final approval of the post-petition financing in accordance with Rule 4001(c)(2).

WHEREFORE, Debtors request the Court to enter Orders granting the following relief:

1) Scheduling a hearing for interim approval of the post-petition financing on December 26, 2019 at 1:30 P.M. , or as soon thereafter as the Court may be available;

2) Approval of the post-petition financing on an interim basis;

3) Scheduling of a final hearing on approval of the post-petition financing in accordance with Bankruptcy Rule 4001(c)(2);

4) Final approval of the post-petition financing; and

5) Any other relief appropriate under the circumstances.

Respectfully submitted,

MCDOWELL RICE SMITH & BUCHANAN

*/s/ Jonathan A. Margolies*

| Jonathan A. Margolies | MO #30770 |
| The Skelly Building | KS/Fed #70693 |

605 W. 47th Street, Suite 350
Kansas City, Missouri  64112
Telephone:     (816) 753-5400
Facsimile:     (816) 753-9996
email: jmargolies@mcdowellrice.com
ATTORNEYS FOR DEBTORS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing was filed with the United States Bankruptcy Court, District of Kansas using the CM/ECF system and served upon those persons requesting electronic notification this 19th day of December, 2019.

*/s/ Jonathan A. Margolies*
Jonathan A. Margolies