**SO ORDERED.**

**SIGNED this 26th day of December, 2019.**



Dale L. Somers
United States Chief Bankruptcy Judge

___

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| FENCEPOST PRODUCTIONS, INC., | ) | Case No: 19-41545-11 |
| | ) | Chapter 11 |
| Debtor. | ) | |

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| NPB COMPANY, INC., | ) | Case No: 19-41542-11 |
| | ) | Chapter 11 |
| Debtor. | ) | |

### ORDER GRANTING INTERIM APPROVAL OF POST-PETITION FINANCING AND SCHEDULING FINAL HEARING

THIS MATTER comes on for hearing this 26th day of December, 2019 on Debtors' Joint Motion for Entry of Interim and Final Orders (A) Authorizing Post-Petition Financing and (B) Request for Scheduling Hearing on Interim and Final Approval and, after review of the record and consideration of arguments of counsel,

THE COURT FINDS as follows:

1. On December 18, 2019 (the "Petition Date"), Debtors filed their voluntary Petitions under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Code"). Debtors retain possession of their property and control of their affairs pursuant to 11 U.S.C. §§ 1107 and 1108.

2. Debtors' business consists of the design and distribution of outdoor apparel for men, women and youth under a variety of brand names. The apparel is sold to major department stores, sporting goods stores, mass merchant retailers and national online retailers. Debtors maintain distribution centers in Missouri and South Carolina.

3. Debtors' principal source of prepetition financing derives from that certain prepetition Loan and Security Agreement, dated April 10, 2018 (the "Prepetition Credit Agreement") with Associated Bank ("AB") which provided working capital for Debtors' business operations. The revolving credit facility provided by the Prepetition Credit Agreement entailed a commitment of $13,000,000. As of the Petition Date, AB asserted a debt balance of approximately $7,600,000. The Prepetition Indebtedness is essentially secured by a majority of Debtors' inventory and accounts receivable (the "Prepetition Collateral"). AB provided both the Court and the Debtors with notice of its non-consent to the Debtor's use of cash collateral. Additionally, Debtors have not filed any motion seeking to use cash collateral.

4. AB cut off funding to Debtors on the basis of alleged defaults under the Prepetition Credit Agreement and filed suit against Debtors in federal court on December 4, 2019. As such, Debtors lack financing for ongoing business operations. An immediate need therefor exists for Debtors to obtain funding with which to continue its operations, acquire goods and services, and pay other necessary and ordinary business and reorganization expenses.

5. Consequently Debtors and undersigned counsel commenced good faith negotiations with Alterna Capital Solutions ("Lender") and its counsel to secure post-petition financing. Lender has indicated its willingness to extend credit to Debtors in an amount not to exceed $6,500,000.00 in the aggregate. Accordingly, Debtors filed their Joint Motion for Entry of Interim and Final Orders (A) Authorizing Post-Petition Financing and (B) Request for Scheduling Hearings on Interim and Final Approval (the "Financing Motion") on December 19, 2019 (Docs. #21 and #24).

6. Debtors seek interim and final approval of the post-petition financing by Lender (the "DIP Financing") in accordance with the terms set forth in the Financing Motion and corresponding authorization for Debtors' execution of loan documentation required by Lender, pursuant to sections 364 and 105 of the Code. In order to secure the DIP Financing and otherwise provide Lender with adequate security, Debtors propose to grant Lender a lien under section 364(c)(2) on postpetition property of the estate, wherever located, whether now owned or hereafter acquired, and all proceeds and products thereof (the "Collateral"); provided, however, that nothing in the DIP Financing shall be deemed to grant the Lender a lien upon causes of action or recoveries under sections 544, 545, 547, 548, 549, 550, or 553 of the Code, nor shall anything in the DIP Financing be deemed to grant the Lender a lien upon the Prepetition Collateral upon which AB may have a valid lien under the Prepetition Credit Agreement.

7. Pursuant to section 364(c)(2) of the Code, a court may authorize a debtor to obtain postpetition credit secured by a lien on unencumbered property when a debtor is unable to obtain credit elsewhere. Debtors submit that under the circumstances, they are not able to obtain unsecured credit nor can they obtain the credit necessary and promptly for their business operations on lesser terms than those required by Lender. In the Debtors' business judgment, the

3

Case 19-41545    Doc# 44    Filed 12/26/19    Page 3 of 7

financing offered by Lender is the best and, in fact, the only financing currently available on the immediate basis needed for maintenance of Debtor's ongoing operations.

8. Moreover, Debtor requires funding from Lender in advance of final approval of the Financing Motion so that necessary operating expenses shortly arising may be paid, normal business operations maintained, and immediate and irreparable harm to the estate is deterred.

9. Good cause is shown for interim approval of the Financing Motion and allowance of credit to Debtors to the extent necessary to avoid immediate and irreparable harm to the estate pending a final hearing. In addition, it is appropriate to schedule a final hearing on the Financing Motion.

THEREFORE, IT IS HEREBY ORDERED as follows:

1. The Financing Motion is approved on an interim basis and Debtors are authorized to obtain credit from Lender pursuant to the Budget (as defined below) as follows below:

    a. *Budget; Permitted Uses of Loan Proceeds*

        i. Attached hereto as <u>Exhibit A</u> and incorporated herein by reference is a 3-week budget with detailed line-items setting forth the Debtors' accounts payable on a weekly basis for the period beginning as of December 26, 2019 through January 17, 2020 following the Petition Date (the "Budget"). Debtors will provide AB a Budget through January 31, 2020 that is reasonably acceptable to AB by December 27, 2019.

        ii. By not later than Tuesday of each calendar week commencing with the week of December 30, 2019, the Debtors shall deliver to AB a variance report in form and substance reasonably acceptable to AB, comparing the actual receipts and disbursements of the Debtors for the immediately preceding one-calendar

week period to the Budget (the "Variance Report"). The Variance Report shall indicate whether there are any variances that exceed the "Permitted Variances," which means for receipts and disbursements greater than 15% of the cumulative receipts and disbursements from the Budget.

  iii.  Lender is granted protection under Section 364(e) of the Code for all credit extended pursuant to the Budget to Debtors prior to the final hearing.

  b.  Debtors shall perform an immediate accounting of all of their assets, including the Prepetition Collateral, and shall file their schedules and statement of financial affairs by no later than January 2, 2020.

  c.  The Prepetition Collateral shall be immediately segregated from the post-petition property of the Debtors in a manner reasonably acceptable to AB. All collections from the Prepetition accounts receivable (the "Prepetition A/R") shall be escrowed and all of the Prepetition inventory (the "Prepetition Inventory") shall be identified, marked and segregated in a manner reasonably acceptable to AB.

  d.  The Debtors shall allow an auditor acceptable to AB and under AB's control to inspect, examine and account for the Prepetition Inventory wherever it may be by no later than January 9, 2020, which shall include, but is not limited to, an initial visit to the warehouse in Independence, Missouri by no later than December 31, 2019. Debtors shall also provide AB and the auditor with (i) all Prepetition A/R aging reports and Prepetition Inventory reports from November 1, 2019 through the Petition Date by no later than January 2, 2020 and (ii) information and bank statements regarding all of the Debtors' financial accounts by no later than December 31, 2019, including, without limitation, the account(s) where the Debtors are escrowing the Prepetition A/R proceeds.

5

Case 19-41545   Doc# 44   Filed 12/26/19   Page 5 of 7

The Debtors shall provide AB with updates and any updated documents, statements or reports regarding the Prepetition A/R, the Prepetition Inventory and their proceeds on a weekly basis on the Tuesday of each calendar week.

e. Debtors shall provide AB with all of the reports that it provides the Lender under the DIP Financing, including, without limitation, the reporting current proposed under Sections 13 and 14 of the Invoice Purchase and Security Agreement and Financing.

2. Lender shall be given a lien pursuant to 11 U.S.C. § 364(c)(2) on the post-petition inventory and post-petition accounts receivable.

3. Lender shall not have any lien on any causes of action under Chapter 5 of the Bankruptcy Code.

4. The Lender shall not have any lien on any pre-petition assets of the Debtors.

5. The Debtors are not currently authorized to utilize any pre-petition cash collateral or any cash proceeds of any pre-petition assets of the Debtors.

6. Debtors are authorized to execute loan documentation reasonably requested by Lender consistent with the terms provided in the Financing Motion and this Order; and

7. The Court schedules a final hearing on January 29, 2020 at  1:30 PM  for approval of the Financing Motion.

**SUBMITTED BY:**

MCDOWELL RICE SMITH & BUCHANAN

*/s/ Jonathan A. Margolies*
Jonathan A. Margolies                MO #30770
The Skelly Building                KS/Fed #70693
605 W. 47th Street, Suite 350
Kansas City, Missouri 64112
Telephone: (816) 753-5400
Facsimile: (816) 753-9996
email: jmargolies@mcdowellrice.com
ATTORNEYS FOR DEBTORS