# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 11** |
| **Fencepost Productions, Inc.,** | ) | |
| | ) | **Case No. 19-41545** |
| Debtor. | ) | |

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 11** |
| **NPB Company, Inc.,** | ) | |
| | ) | **Case No. 19-41542** |
| Debtor. | ) | |

## EMERGENCY MOTION OF ASSOCIATED BANK, N.A. FOR ORDER SETTING EXPEDITED DISCOVERY SCHEDULE

Senior secured creditor Associated Bank, N.A. ("Associated"), through its undersigned counsel, hereby submits this emergency motion (the "Motion") for an order setting an expedited discovery schedule with respect to Associated's discovery requests to Debtors Fencepost Productions, Inc. ("Fencepost") and NPB Company, Inc. ("NPB", and together with Fencepost, the "Debtors") and Alterna Capital Solutions (the "DIP Lender"), and states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are section 105(a) of title 11 of the United States Code (as amended, the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 7033, 7034, 7036, 9006 and 9014.

## BACKGROUND

3. On April 10, 2018, Associated and Debtors entered into a revolving credit facility secured by first-priority liens in Debtors' personal property.

4. On December 18, 2019 Debtors filed separate petitions under chapter 11 of the Bankruptcy Code.[1]

5. On December 19, 2019, Debtors filed a motion [Doc. 21][2] (the "DIP Motion") to authorize post-petition financing (the "DIP Loan"). Pursuant to the DIP Loan, Debtors proposed to borrow up to $6.5 million at 12.5% interest per annum. To secure repayment of the DIP Loan, Debtors proposed to grant the DIP Lender a lien on and security interest in post-petition inventory and post-petition accounts receivable.

6. On December 24, 2019, Associated objected to the DIP Motion [Doc. 38] (the "Objection"). As a result, the DIP Motion and Final DIP Hearing is a contested matter under Bankruptcy Rule 9014.

7. The grounds for the Objection include, among others, that the DIP Motion failed to include any evidentiary support regarding (i) the need for the DIP Loan; (ii) Debtors' ability to repay the DIP Loan; (iii) whether the DIP Loan is in the best interests of the estates and Debtors' creditors; (iv) the specifics and/or mechanics on how Debtors will account for, preserve, protect and segregate pre-petition collateral and its proceeds; (v) the status of Associated's collateral; (vi) whether the Debtors were unable to obtain unsecured credit allowable under 11 U.S.C. §

---

[1] No motion for joint administration has been filed.
[2] ECF citations relate to the Fencepost case (Case No. 19-41545).

503(b)(1); (vii) the prospects as to the timing of Debtors' reorganization; and (viii) Debtors' operations since the petition date.[3]

8. On December 26, 2019, the Court entered an agreed order [Doc. 44] (the "Interim DIP Order") approving the DIP Loan on an interim basis and setting a final hearing (the "Final DIP Hearing") on the DIP Motion for January 29, 2020.

9. The Interim DIP Order set forth certain deadlines for Debtors to take certain action, including:

- By December 31, 2019, Debtors shall provide Associated with information and bank statements regarding all of the Debtors' financial accounts, including, without limitation, the account(s) where the Debtors are escrowing pre-petition accounts receivable proceeds; and

- By January 2, 2020, Debtors shall (i) perform an accounting of all of their assets, including pre-petition collateral; (ii) file their schedules and statement of financial affairs; and (iii) provide Associated with all pre-petition accounts receivable aging reports and pre-petition inventory reports from November 1, 2019 through the petition date.

10. Debtors have not complied with any of the above agreed and Court-ordered deadlines.[4] On January 3, 2020, Associated's counsel emailed and called Debtors' counsel regarding the failures to comply. Debtors' counsel has not responded as of the filing of this Motion.

11. On January 3, 2020, Associated propounded requests for admissions, interrogatories, and requests for production of documents and deposition notices to the Debtors (the "Debtors' Discovery Requests", true and correct copies of which are attached hereto as

---

[3] Rule 4001(c)(1)(B)(vi) requires that the DIP Motion include information regarding the "filing a plan of reorganization, for approval of a disclosure statement, for a hearing on confirmation, or for entry of a confirmation order.

[4] On January 3, 2020, Debtors filed an Application for Limited Extension of Time to Submit Initial Bankruptcy Filings [Doc. 56]. The Court granted that Application and extended the filing deadlines to January 7, 2020 [see Doc. 57].

**Exhibits A-1 and A-2**). The Debtors' Discovery Requests related to the DIP Motion, Objection and Final DIP Hearing. Associated's counsel emailed and called Debtors' counsel regarding these requests in an effort to avoid filing a motion for expedited discovery with this Court. Debtors' counsel has not responded.

12. Responses to interrogatories, requests for production, and requests to admit are due 30 days after their service under Bankruptcy Rules 7033, 7034, and 7036. Associated's counsel contacted Debtors' counsel on January 3, 2019 and asked the Debtors' counsel to consent to an expedited discovery schedule in order to avoid filing this Motion with the Court. Debtors' counsel has not responded.

13. On January 3, 2020, Associated propounded interrogatories and requests for production of documents to the DIP Lender (the "DIP Lender Discovery Requests", a true and correct copy of which is attached hereto as **Exhibit B**, and together with the Debtors' Discovery Requests, the "Discovery Requests"). The DIP Lender is a party to this contested matter given that it is seeking this Court's permission to lend up to $6.5 million to the Debtors under the DIP Loan. Even so, the DIP Lender has failed to file an appearance in these cases. Debtors have failed to provide Associated with the identity of the DIP Lender's counsel. Associated has mailed by overnight mail the DIP Lender Discovery Requests to the DIP Lender's registered agent and principal address listed in the Division of Corporations for the State of Florida.

14. Given the expedited nature of these proceedings, Associated seeks its answers and documents regarding the Discovery Requests by January 10, 2020.

## BASIS FOR RELIEF

15. Discovery is permitted in contested matters. Fed. R. Bank. P. 9014(c). Associated's Objection to the DIP Motion gave rise to a contested matter.

16. Bankruptcy Rule 9006 permits the Court to reduce time periods listed in the Bankruptcy Rules for cause shown. Fed. R. Bankr. P. 9006(c)(1). Moreover, Federal Rules of Civil Procedure 33(b)(2), 34(b)(2)(A), and 36(a)(3), which are incorporated into the Bankruptcy Rules through Bankruptcy Rules 7033, 7034, and 7036, allow the Court to shorten the time to respond to discovery requests.

17. Expedited discovery is appropriate, and indeed required, in this instance because the Final DIP Hearing is scheduled to take place on January 29, 2019 – well before the default 30-day deadline under Bankruptcy Rules 7033, 7034, and 7036. Associated has propounded narrow, and specifically targeted requests that go the very heart of the contested DIP Motion, focusing on information related to: (i) the need for the DIP Loan; (ii) Debtors' ability to repay the DIP Loan; (iii) whether the DIP Loan is in the best interests of the estates and Debtors' creditors; (iv) the specifics and/or mechanics on how Debtors will account for, preserve, protect and segregate pre-petition collateral and its proceeds; (v) the status of Associated's collateral; (vi) whether the Debtors were unable to obtain unsecured credit allowable under 11 U.S.C. § 503(b)(1); (vii) the prospects as to the timing of Debtors' reorganization; and (viii) Debtors' operations since the petition date.

18. Notwithstanding the intervening holidays, Associated timely propounded appropriate and targeted discovery requests. It would be contrary to the interests of justice to prohibit Associated from obtaining records and information relevant to the DIP Motion until after the Final DIP Hearing. Associated requires responses to the Discovery Requests on or before January 10, 2020, so that it can evaluate such information, conduct party depositions on an accelerated schedule, and make a final submission to the Court in advance of the January 29, 2020 Final DIP Hearing.

19. In the interests of justice and judicial efficiency, the Court should exercise its authority under the relevant Bankruptcy Rules to enter an expedited discovery schedule in the form of the proposed order attached hereto.

**WHEREFORE**, Associated respectfully requests entry of an order (a) requiring Debtors to respond to the Discovery Requests by no later than January 10, 2020; (b) requiring Debtors to appear for depositions pursuant to the duly issued deposition notices in this matter; and (c) granting such other and further relief as is just and proper.

Dated this 3rd day of January, 2020

Respectfully submitted,

By: */s/ Michael D. Fielding*

John J. Cruciani
KS # 16883
Michael D. Fielding
KS # 20562
Husch Blackwell LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112
Tel: 816.983.8000
Fax: 816.983.8080
John.cruciani@huschblackwell.com
Michael.fielding@huschblackwell.com

- and -

John P. Sieger *(admitted pro hac vice)*
Illinois Bar No. 6240033
Paul T. Musser *(admitted pro hac vice)*
Illinois Bar No. 6304946
Charles A. DeVore *(admitted pro hac vice)*
Illinois Bar No. 6305736
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, IL 60661-3693
Telephone: (312) 902-5200

*Counsel to Associated Bank, N.A.*