UNITED STATES BANKRUPTCY COURT
DISTRICT OF KANSAS

IN RE: )
)
FENCEPOST PRODUCTIONS, INC., ) Case No: 19-41545-11
) Chapter 11
Debtor. )

IN RE: )
) Case No. 19-41542-11
NPB COMPANY, INC., ) Chapter 11
)
Debtor. )

## DEBTORS' RESPONSE IN OPPOSITION TO EMERGENCY MOTION OF ASSOCIATED BANK, N.A. FOR ORDER SETTING EXPEDITED DISCOVERY SCHEDULE AND MOTION FOR PROTECTIVE ORDER AND/OR TO QUASH PURSUANT TO FED. R. BANKR. P. 7026(C) AND 30(D) AND L.B.R. 7026.1(D)(1)

COME NOW Fencepost Productions, Inc. ("Fencepost") and NPB Company, Inc. ("NPB")(collectively "Debtors"), by and through undersigned counsel, and for their Response in Opposition to the Emergency Motion of Associated Bank, N.A. for Order Setting Expedited Discovery Schedule and their Motion for Protective Order and/or to Quash pursuant to Fed. R. Bankr. P. 7026(c) and 7030(d) and L.B.R. 7026.1(d), state as follows:

### SUMMARY OF ISSUES PRESENTED

Associated Bank, N.A. (the "Bank") has served onerous and burdensome discovery requests on both Debtors and Debtors' post-petition lender Alterna Capital Solutions (the "Lender") which:

    a.    are not relevant to Debtors' Joint Motion for Entry of Final Order Authorizing Post-Petition Financing (**Doc. # 21**), which the Bank consented to on an interim basis resulting in the Order Granting Interim Approval of Post-Petition Financing and Scheduling Final Hearing (**Doc. # 44**), scheduled for hearing on January 29, 2020;

    b.    are not proportional to the needs of the case;

6677760-1

> c. ignore the additional reporting and inspections that Debtors voluntarily agreed to specifically provide to Bank with the expectation that this would fully address all needs of the Bank for information; and
>
> d. undermine and interfere with the relationship that Debtors have established with the Lender.

The Bank has also requested that the Court set an expedited discovery schedule with respect to those requests and require response on or before January 10, 2020 – a mere seven days from service and three days from now.

## BACKGROUND AND PROCEDURAL HISTORY

1. In the face of the commencement of federal court litigation in the Western District of Missouri by the Bank against Debtors and the concomitant effort to gain control of the assets of Debtors, Debtors filed their Chapter 11 Petitions on December 18, 2019 **(Doc. # 1)**.

2. Debtors retain possession of their property and control of their affairs pursuant to 11 U.S.C. §§ 1107 and 1108.

3. Debtors' business consists of the design and distribution of outdoor apparel for men, women and youth under a variety of brand names. The apparel is sold to major department stores, sporting goods stores, mass merchant retailers and national online retailers. Debtors maintain distribution centers in Missouri and South Carolina.

4. On December 19, 2019, Debtors filed their Joint Motion for Entry of Interim and Final Orders (A) Authorizing Post-Petition Financing and (B) Request for Scheduling Hearings on Interim and Final Approval **(Doc. # 16** and **Doc. # 21)**(the "DIP Motion").

5. On December 24, 2019, Bank objected to the DIP Motion **(Doc. # 30** and **Doc. # 38)**.

6. Thereafter, Debtors engaged in good-faith negotiations with Bank to address the objections and reached agreement with the Bank on the terms of an interim order. On December

2

26, 2019, the Court entered the agreed orders (**Doc. # 36** and **Doc. # 44**) approving the DIP Loan on an interim basis and setting a final hearing on the DIP Motion for January 29, 2020. During those negotiations, Debtors: a) agreed to make additional reporting and document production to Bank not otherwise required of Debtors; b) agreed to segregate the pre-petition collateral from the post-petition property; c) agreed to allow auditors acceptable to Bank to inspect, examine and account for the prepetition inventory; and d) agreed to provide to Bank all of the reports that it provides to Lender under the DIP Financing.

7. On January 2, 2020, Debtors filed their Motions to Extend Deadline to File Schedules or Provide Required Information (**Doc. # 49** and **Doc. # 56**) requesting until January 7, 2020 to submit their Schedules and Statements of Financial Affairs due to the occupancy of Debtors and their counsel with the contested post-petition financing (including completion of the financing documentation, preparation of an interim budget and negotiations with the Bank for submission of a consensual financing Order) as well as the administrative requirements of Chapter 11. Debtors and their counsel also indicated that the delay was necessitated due to the intervention of holidays and surgery for a family member of Debtors' counsel which necessitated time away from the office. The Court entered its Orders granting the Motions to Extend on January 3, 2020 (**Doc. # 50** and **Doc. # 57**).

8. On the heels of the filing of Debtors' Motions to Extend, Bank served its onerous and burdensome discovery requests to Debtors and Lender, along with its Emergency Motion for Order Setting Expedited Discovery Schedule (the "Emergency Motion"), requesting voluminous discovery responses and documents be provided within 7 days. While Bank's Emergency Motion indicates that Bank's counsel attempted to contact Debtors' counsel prior to filing the motion, the email from Bank's counsel was not received until 12:36 p.m. on Friday, January 3, 2020 and

Bank's Motion was filed the same day. Accordingly, Debtors' counsel was not provided with any reasonable opportunity to respond before Bank served its discovery, including the discovery on Debtors' post-petition lender, and filed its Emergency Motion.

## ARGUMENT

Pursuant to Fed.R.Civ.P. 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The discovery sought by Bank is outside the scope of permissible discovery and should not be allowed on an expedited basis because:

1. It is not relevant to any party's claims or defenses at issue in the Debtors' Joint Motion for Entry of Final Order Authorizing Post-Petition Financing scheduled for hearing on January 29, 2020;

2. It is not proportional to the needs of the case in light of the issues scheduled for hearing on January 29, 2020 and in light of the voluntary additional reporting being made by Debtors to Bank and the inspection opportunities being afforded to and currently being pursued by the Bank;

3. The burden of requiring Debtors and its post-petition lender to respond to Bank's voluminous requests during the initial 30 days following the filing of Debtors' Chapter 11 Petition outweighs the likely benefit given the protections already put in place to protect Bank, including but not limited to:

   a. The segregation of the pre-petition collateral;

b. The additional reporting being provided to Bank; and

c. The inspections by Bank being allowed by Debtors.

Bank has served the following discovery:

1. On Debtor Fencepost:

    a. 25 Interrogatories;

    b. 18 Requests to Admit; and

    c. 27 Requests for Production of Documents.

2. On Debtor NPB:

    a. 25 Interrogatories;

    b. 18 Requests to Admit; and

    c. 27 Requests for Production of Documents.

3. On Debtors' post-petition lender Alterna Capital Solutions:

    a. 14 Interrogatories; and

    b. 17 Requests for Production of Documents.

In addition, Bank has served deposition notices requesting the following depositions:

1. Matthew Gray on January 24, 2020, at 1:00 p.m.;

2. Marsha Edwards on January 25, 2020 at 10:00 a.m.;

3. Fencepost Productions, Inc. on January 20, 2020 at 1:00 p.m.; and

4. NPB Company, Inc. on January 20, 2020 at 1:00 p.m.

These discovery requests are very broad and onerous and go well beyond the issues which are relevant to the Joint Motion for Entry of Final Order Authorizing Post-Petition Financing and are not proportional to the issues presented by the pending motion. The essential issues to be

5

Case 19-41545    Doc# 75    Filed 01/07/20    Page 5 of 10

decided at the hearing on January 29, 2020 are the need for and the propriety of the post-petition financing for Debtors pursuant to 11 U.S.C. § 364 (to which the Bank agreed in the Interim Order).

While Bank claims that it has "propounded narrow, and specifically targeted requests that go [sic] the very heart of the contested DIP Motion", that claim is belied by a quick review of the discovery requests, which include the following[1]:

1. Identify and state the factual basis for any change in unit costs of the Inventory between (and including) July 31, 2019 and August 14, 2019. (Int. No. 18 to Fencepost & NPB);

2. Identify by date, located and method how Debtors stored any Inventory associated with the Newbridge POs and Mid Cap POs. (Int. No. 19 to Fencepost & NPB);

3. If Debtors contend that they did not include any Inventory or any of Debtors' accounts receivable to Newbridge POs and Mid Cap Pos on Associated BBC, then identify all facts and Documents in support of that contention. (Int. No. 20 to Fencepost & NPB);

4. If Debtors contend that they no longer use the New Jersey Warehouse, then identify all facts and Documents in support of that contention, including the date they stopped using the New Jersey Warehouse and the current location of the Inventory previously stored in the New Jersey Warehouse. (Int. No. 21 to Fencepost & NPB);

5. Identify all disbursements Debtors have made since the Petition Date, including the source(s) of such disbursements. (Int. No. 22 to Fencepost & NPB);

---

[1] These excerpts are being used as examples of the overly broad and burdensome discovery being sought on an expedited basis and do not include the comprehensive objections of Debtors. Debtors reserve the right to assert any and all applicable objections to the discovery on the response date pursuant to the applicable rules or as otherwise ordered by the Court.

6. Identify all methods by which the Debtors have funded their operations since the Petition Date. (Int. No. 23 to Fencepost & NPB);

7. Identify and describe any complaints made by other creditors relating to the Debtors during the Relevant Period, including, without limitation, any lawsuits, accelerations of amounts owed, notices of default, and the like. (Int. No. 24 to Fencepost & NPB);

8. Admit that the Debtors defaulted under the Newbridge Security Agreement. (Req. Admit No. 9);

9. Admit that Fencepost/NPB represented to Associated that the Inventory located at the New Jersey Warehouse on October 22, 2019 was worth $2 million or more. (Req. Admit No. 17);

10. Admit that the Inventory located at the New Jersey Warehouse on October 22, 2019 was worth less than $2 million. (Req. Admit No. 18);

11. All drafts of any expert reports or opinions Fencepost has submitted or intends to submit in the captioned case, including any Documents supporting such reports or opinions. (Req. Produce No. 3);

12. Any notices of default, formal or informal, sent by any creditors to the Debtors during the Relevant Period. (Req. Produce No. 11);

13. All agreements and/or contracts executed with lenders other than Associated or regarding any loan to either Debtor, including, without limitation, with respect to Newbridge, Mid Cap, and Core Bank, during the Relevant Period. (Req. Produce No. 12);

14. All Newbridge POs. (Req. Produce No. 13);

15. All Mid Cap POs. (Req. Produce No. 14);

16. Documents sufficient to show any notice that Debtors provided to Associated that Debtors were depositing proceeds of Collateral into accounts other than accounts at Associated. (Req. Produce 20); and

17. Documents sufficient to identify any Inventory shipped to or from the New Jersey Warehouse between (and including) October 1, 2019 and November 10, 2019. (Req. Produce 27).

The discovery requests are beyond the scope of permissible discovery and should not be permitted on an expedited basis, if at all. The discovery requests were made by Bank only after Debtors agreed to additional reporting and inspection requirements in an effort to obtain consensus leading to the agreed Order Granting Interim Approval of Post-Petition Financing and the day after Debtors' counsel filed a Motion for Limited Extension of Time indicating that he needed additional time to provide required financial information due, in part, to a family member having surgery which necessitated time out of the office. Even more egregiously, discovery requests were also sent directly to the Lender. There is absolutely no need for the Bank to obtain any information from the Lender as Debtors have already provided a budget that shows the funding needed from the Lender on a weekly basis tied to the operating expenses which that funding will cover. The service of discovery to the Lender appears to have been calculated to undermine and interfere with Debtors' relationship with Lender. In fact, repercussions and damage are already occurring.

In addition to the foregoing opposition to the subject discovery, Debtors move for a protective order with respect to the discovery on them and a corresponding order quashing the discovery on the Lender. Local Bankruptcy Rule 7026.1(d)(1) provides, in relevant part:

> [A] motion for protective order filed pursuant to Fed. R. Bankr. P. 7026(c) or 7030(d), or a motion to quash or modify a deposition subpoena filed pursuant to

Fed. R. Bankr. P. 9016, stays the particular discovery or deposition pending court order.

Given the overly broad scope of the discovery requests and the lack of relevance to the issues scheduled to be heard on January 29, 2010, the Emergency motion should be denied and the Court should enter a protective order and/or order quashing the discovery directed to Debtors and the Lender.

On January 7, 2020, counsel for Debtors contacted counsel for the Bank and requested that the discovery requests, deposition notices and motion for order setting expedited discovery schedule be withdrawn for the reasons set forth herein. Bank's counsel advised that the discovery requests would not be withdrawn.

WHEREFORE, Fencepost and NPB respectfully request that the Court enter an Order denying the Emergency Motion of Associated Bank, N.A. for Order Setting Expedited Discovery Schedule, granting a Protective Order and/or Order quashing the discovery and deposition notices served on Debtors and Debtors' Post-Petition Lender Alterna Capital Solutions, and granting such other and further relief as is just and proper.

Respectfully submitted,

MCDOWELL RICE SMITH & BUCHANAN,
A Professional Corporation

By: /s/ Jonathan A. Margolies
    Jonathan A. Margolies   KS Fed.#70693
    Kristie Remster Orme   KS#18481
605 W. 47th Street, Suite 350
Kansas City, Missouri 64112
Telephone: (816) 753-5400
Facsimile: (816) 753-9996
Email: jmargolies@mcdowellrice.com
Email: korme@mcdowellrice.com
ATTORNEYS FOR DEBTORS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing was filed with the United States Bankruptcy Court, District of Kansas using the CM/ECF system and served upon those persons requesting electronic notification this 7th day of January, 2020.

*/s/ Jonathan A. Margolies*
Attorney for Debtors
